(No. 32407.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM M. ESTEP *et al.*, Plaintiffs in Error.

*Opinion filed Nov. 20, 1952—Rehearing denied January 19, 1953.*

DARROW, SMITH & CARLIN, of Chicago, (WILLIAM L. CARLIN, and LOUIS A. ROSENTHAL, of counsel,) for plaintiffs in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, and WILLIAM J. McGAH, JR., all of Chicago, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The defendants, William M. Estep and his wife, Dora Estep, were jointly indicted in the criminal court of Cook County for conspiracy. They pleaded not guilty. A jury found them guilty, and they were sentenced to imprisonment in the penitentiary and fined $2000 each. Upon a writ of error, we transferred the cause to the Appellate Court for the First District, no question affording this court jurisdiction on direct review being involved. (*People*

v. *Estep,* 409 Ill. 125.) The Appellate Court has affirmed. (*People* v. *Estep,* 346 Ill. App. 132.) By this writ of error defendants seek to review the judgment of the Appellate Court.

We have taken with the case the People's motion to dismiss the writ of error based upon the ground that defendants are escapees and fugitives from justice of the State of Illinois. From the suggestions in support of the motion it appears that when defendants sued out their first writ of error the writ was made a *supersedeas,* and bail was fixed at $10,000 for defendant William Estep and $4000 for defendant Dora Estep. *Supersedeas* bonds in these amounts were filed in the criminal court of Cook County on December 8, 1950. These bonds were executed upon the condition that defendants would prosecute their writ of error with effect and pay the judgment and costs rendered, and to be rendered, against them in case the judgments of the criminal court of Cook County should be affirmed; that defendants would appear at the criminal court of Cook County as and when the court might direct until the determination of the writ of error; that they would not depart the court without leave, and that, in the event of an affirmance of the judgments, they would surrender to the sheriff of Cook County from whose custody they were bailed.

On December 5, 1951, while the cause was pending in the Appellate Court, the State's Attorney of Cook County served notice upon the sureties on the bonds of an application for a rule to produce the defendants in open court or to show cause why the *supersedeas* bonds should not be forfeited. Upon proof that defendants had departed this State without leave and were in legal custody in Lubbock, Texas, on November 26, 1951, upon a reputed charge of swindling, the respective *supersedeas* bonds were ordered forfeited. On January 31, 1952, *scire facias* proceedings on the forfeited *supersedeas* bonds were instituted and have

been continued from time to time thereafter. The Appellate Court affirmed the judgments of conviction and denied a rehearing, and on May 6, 1952, the mandate of the Appellate Court was filed in the criminal court of Cook County and a *capias* issued ordering defendants into custody. Defendants have resisted efforts of the authorities of this State to extradite them from Texas.

It appears, therefore, that since November, 1951, defendants, in violation of the conditions of their *supersedeas* bonds, have been beyond the jurisdiction of the State of Illinois and that they are fugitives from the custody of the law of this State.

The People's motion to dismiss raises the question whether this court will act upon a writ of error sued out by defendants who have violated the conditions of their *supersedeas* bonds by leaving the jurisdiction of this State and are currently fugitives from the custody of the law of Illinois. That question appears to have been resolved by this court in *McGowan v. People,* 104 Ill. 100. There, the defendants had broken jail and escaped after suing out a writ of error and were still fugitives at the time of this court's opinion. We held that while it is a matter within the discretion of the court to hear the writ under the circumstances, the better practice is not to proceed to a hearing. "While it is not essential to the validity or binding force of any judgment which may be rendered by this court upon exceptions presented by one who has been convicted upon a criminal charge, that he should be present in court, either at the hearing of the cause or upon the rendering of the judgment, yet it would be idle for the court to proceed to determine the questions presented, when the possibility of enforcing whatever judgment it might pronounce must depend upon the option of the fugitives to return into custody, or upon the remote chances of their ultimate recapture by the officers of the law. Before the powers of the court can appropriately be called into action

in a criminal procedure like this, the person to be affected by the judgment ought to be within the control of the court below, either actually, by being in custody, or constructively, by being on bail. The reason of the rule is obvious. Should a hearing of the cause result in an affirmance of the judgment below, the escaped prisoners would not be likely to return voluntarily to meet the execution of the sentence. Should a reversal result, they might return and submit to another trial, or not, as the grounds of the decision might suggest to them the prudence of one or the other course of action. We do not think it would subserve the ends of justice to permit persons charged with crime to speculate in this manner upon their chances of escape or conviction. Persons appealing to this court for redress should stand in an attitude to accept and abide the result, whatever that may be." Other jurisdictions are in accord. *State* v. *Spry,* 126 W. Va. 781, 30 S.E. 2d 88; *Owen* v. *State,* 19 Ariz. 193, 167 Pac. 709; *State* v. *Brinker,* 128 Wash. 319, 222 Pac. 615. Other cases are collected in 26 L.R.A. (n.s.) 921.

The United States Supreme Court has similarly resolved this question, saying, "It is clearly within our discretion to refuse to hear a criminal case in error, unless the convicted party, suing out the writ, is where he can be made to respond to any judgment we may render. In this case it is admitted that the plaintiff in error has escaped, and is not within the control of the court below, either actually, by being in custody, or constructively, by being out on bail." (*Smith* v. *United States,* 94 U.S. 97.) There, the court allowed the defendant until the first day of its next term to return voluntarily and thereby to avoid removal of the case from the docket. *Bonahan* v. *Nebraska,* 125 U.S. 692, and *Eisler* v. *United States,* 338 U.S. 189, are to the same effect. Moreover, the dismissal of a criminal appeal by a State court upon the ground that the defendant has escaped and has not returned within a time

period set by the court does not constitute a denial of due process. *Allen* v. *Georgia,* 166 U.S. 138.

We see no reason why the rule stated should not apply here. Accordingly, unless it is made to appear to the court that the defendants have returned to the custody of the law in this State by the first day of the January, 1953, term of this court, this writ of error will be dismissed.

*Writ of error dismissed, conditionally.*