THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LOUIS M. PONTILLO, Defendant-Appellant.

Second District   No. 2—92—1463

Opinion filed September 29, 1994.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Daniel M. Kirwan and Janet Gandy Fowler, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers, Robert J. Biderman, and Charles F. Mansfield, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DOYLE delivered the opinion of the court:

Defendant, Louis M. Pontillo, was convicted, *in absentia*, of delivering a controlled substance (see Ill. Rev. Stat. 1983, ch. 56$^1$/2, par. 1401(a)(2) (now codified, as amended, at 720 ILCS 570/401(a)(2)(A) (West 1992))) and sentenced to 25 years' imprisonment. On October 17, 1986, judgment was entered on the jury verdict of guilty. Counsel's motions for a new trial and in arrest of judgment were denied on November 24, 1986. No notice of appeal was filed at that stage.

Defendant was apprehended in Florida sometime prior to June 24, 1992. Following his return to Illinois, defendant moved for a new trial or sentencing hearing pursuant to section 115—4.1(e) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 115—4.1(e) (now 725 ILCS 5/115—4.1(e) (West 1992))). This motion was denied on November 17, 1992. A timely notice of appeal of the trial court's denial of defendant's section 115—4.1(e) motion for a new trial or sentencing hearing was filed.

On appeal defendant argues that the trial court erred in (1) failing to send defendant a certified mail notice of his trial date, and (2) denying defendant a new trial based on statements made by the prosecutor during closing argument.

At defendant's first court appearance the trial court admonished him of the potential for trial *in absentia* should defendant willfully absent himself from the proceedings. On October 6, 1986, defendant and his codefendant were both present when their joint trials commenced with jury selection. At the end of the day the jury was only partially selected, and the court adjourned until the following morning.

On the morning of October 7, the codefendant appeared; however, defendant was absent without explanation. The trial court revoked defendant's bond, issued a warrant for his arrest and, over defendant's counsel's objection, granted the State's motion to proceed with the trial *in absentia* as to defendant. As the court was preparing to select additional jurors, the codefendant informed the court that he would enter a negotiated plea of guilty. After the court accepted the codefendant's plea, defendant's counsel moved for a seven-day continuance of the trial because he had received additional discovery during the lunch hour, and because he feared prejudice might arise because of defendant's sudden absence. Recognizing that jeopardy had not attached, defendant's counsel also requested a mistrial, citing the potential for prejudice to defendant unless the eight jurors, already selected, were dismissed. The trial court granted the motion for mistrial and "re-set" the trial for October 14. No certified mail notice was sent to defendant informing him of the October 14 date. Defendant was thereafter tried *in absentia*, convicted and sentenced.

Defendant contends that the trial court committed reversible error by conducting the trial in his absence without first having notified him by certified mail of the trial date. Defendant points out that although he was present in court on the first day of his trial, he was absent on October 7, 1986, when a "mistrial" was declared and a second trial date was set. He argues, therefore, that section 115—4.1(a) required the trial court to send him certified mail notice of the second date and maintains that his section 115—4.1(e) motion for a new trial should have been granted on this basis. We disagree.

A defendant has the right to be present at all stages of trial, and this is a right which can be waived only by the defendant himself. (*People v. Owens* (1984), 102 Ill. 2d 145, 157.) However, a defendant will not be allowed to prevent the progress of his trial by voluntarily absenting himself. (*People v. Steenbergen* (1964), 31 Ill. 2d 615, 618; *People v. Velasco* (1989), 184 Ill. App. 3d 618, 626.) A defendant's voluntary absence from trial constitutes a waiver of his right to be present and permits the court to proceed with the trial as if he were present, providing that defendant's constitutional rights have been adequately protected. *People v. Davis* (1968), 39 Ill. 2d 325, 330; *Velasco*, 184 Ill. App. 3d at 626.

The Code of Criminal Procedure of 1963 (the Code) sets forth specific requirements which must be satisfied before a trial can be conducted in a defendant's absence. In addition to requiring the court to admonish an accused concerning the waiver effect of his or her willful nonattendance at future proceedings (Ill. Rev. Stat. 1985, ch. 38, par. 113—4(e) (now 725 ILCS 5/113—4(e) (West 1992))), the Code provides:

"When a defendant after arrest and an initial court appearance for a non-capital felony, fails to appear for trial, at the request of the State and after the State has affirmatively proven through substantial evidence that the defendant is willfully avoiding trial, the court may commence trial in the absence of the defendant. *** Trial in the defendant's absence shall be by jury unless the defendant had previously waived trial by jury. *** If trial had previously commenced in the presence of the defendant and the defendant willfully absents himself for two successive court days, the court shall proceed to trial. *** The court may set the case for a trial which may be conducted under this Section despite the failure of the defendant to appear at the hearing at which the trial date is set. When such trial date is set the clerk shall send to the defendant, by certified mail at his last known address indicated on his bond slip, notice of the new date which has been set for trial. Such notification shall be required when the defendant was not personally present in open court at the time when the case was

set for trial." Ill. Rev. Stat. 1985, ch. 38, par. 115—4.1(a) (now 725 ILCS 5/115—4.1(a) (West 1992)).

As the court noted in *People v. Coppage* (1989), 187 Ill. App. 3d 436, this statute addresses two distinct sets of circumstances which are mutually exclusive. The portion of the statute which requires certified mail notice to the defendant of the trial date applies only to those situations where the defendant has failed to appear at the hearing at which the trial date is set. However, in those situations in which the trial has commenced in the presence of the defendant, and thereafter the defendant willfully absents himself, the court is authorized to proceed in the defendant's absence after waiting two successive court days. (*Coppage*, 187 Ill. App. 3d at 443-44.) The supreme court in *People v. Flores* (1984), 104 Ill. 2d 40, determined that the two-day waiting period is not mandatory.

In the present case, defendant was present when jury selection in his trial commenced on October 6, 1986. "[F]or purposes of holding a trial *in absentia*, a trial commences when the work of empaneling a jury begins." (*People v. Castro* (1983), 114 Ill. App. 3d 984, 989.) Based upon the trial court's determination that defendant willfully absented himself on October 7, therefore, the court was clearly authorized by section 115—4.1(a) to proceed with the trial without mailing a notice to defendant. By his presence and participation at the first day of trial, defendant must be presumed to have known, consistent with the trial court's earlier admonition to him regarding the potential consequences of nonattendance, that his willful abandonment of the proceedings would not thwart the progress of the trial. This court held in *People v. McDonald* (1992), 227 Ill. App. 3d 92, 97, that notice by certified mail is required only when the defendant was not present in court when the trial date was set. It follows, therefore, that the notice requirement will not apply to a defendant who is in attendance at his trial, knowing that it is to resume on the following day, but voluntarily chooses to absent himself.

Defendant appears to argue, however, that the trial court here declared a mistrial and, in defendant's absence, set a new trial date as opposed to continuing with a trial already in progress. According to defendant, this course of action necessitated notice by certified mail to defendant of the new trial date. We recognize that if defendant is correct in asserting that the statutory notice was required under these circumstances, the absence of such notice would constitute a basis for defendant's section 115—4.1(e) hearing claim that his ultimate failure to appear at trial was "without his fault and due to circumstances beyond his control." (Ill. Rev. Stat. 1985, ch. 38, par. 115—4.1(e)(now 725 ILCS 5/115—4.1(e) (West 1992)).) Defendant's

timely appeal from the trial court's November 17, 1992, denial of his section 115—4.1(e) motion for new trial has accordingly preserved this issue for review. We disagree, however, that the mailing of a notice to defendant was required.

■ Although the trial court stated that it was granting defendant's counsel's motion for a "mistrial" when it excused the eight originally selected jurors and ordered that the trial would recommence seven days later, defendant concedes on appeal that this was a "misnomer" and that the trial court's action was, in essence, a continuance. As defendant correctly states, jeopardy had not attached because the entire jury had not yet been selected and sworn. (See *Crist v. Bretz* (1978), 437 U.S. 28, 57 L. Ed. 2d 24, 98 S. Ct. 2156.) Just as it was contemplated in section 115—4.1(a) that the court would, before proceeding *in absentia*, allow a two-day continuance after a defendant's disappearance during the course of trial, we can ascertain no reason to conclude that the court may not similarly allow a seven-day continuance (ordinarily three additional court days), at defense counsel's specific request, without incurring a duty to send the defendant a written notice to return to the courtroom. As previously stated, the notification by mail procedure of section 115—4.1(a) is inapplicable when the trial of a defendant who has been present at its outset is recommenced *in absentia*. (See *Coppage*, 187 Ill. App. 3d at 443-44.) In our view, this principle is unaffected by the circumstance that tentatively selected jurors may have been excused prior to proceeding with the selection process.

In *People v. House* (1990), 202 Ill. App. 3d 893, the defendant was present at his September 9, 1986, arraignment when the court set a trial date for November 12, 1986, and admonished the defendant concerning the consequences of absenting himself. The defendant did not appear on November 12. On November 20, 1986, after a hearing, the court found the defendant's absence was willful and granted the State's motion for a trial *in absentia*. The trial occurred on November 26, 1986, resulting in a conviction.

On appeal, the appellate court rejected the defendant's contention that, because he was not sent a certified mail notice of the November 26 trial date, he was improperly tried *in absentia*. Citing *Velasco*, 184 Ill. App. 3d 618, the appellate court in *House* reasoned that because the defendant was present when the November 12 trial date was set and was admonished regarding the potential for trial *in absentia*, section 115—4.1(a) did not require the mailing of a notice of the November 26 date. (*House*, 202 Ill. App. 3d at 898.) The fact that, after defendant's nonappearance on the original November 12 date, the court took time to conduct a hearing on the State's motion for

trial *in absentia* and rescheduled the trial for November 26 did not, according to *House*, necessitate the mailing of the notice.

In the present case, defendant not only knew of his October 6 trial date but was actually present at its commencement, having been previously warned of the consequences of voluntarily absenting himself. His willful abandonment of the proceedings disrupted the ongoing selection of jurors and caused the trial court, at his counsel's request, to adjourn the trial for seven days. Accordingly, we must reject defendant's argument that he was entitled, under section 115—4.1(a), to renotification by certified mail of the trial court's continuing activity in his case.

As noted by defendant, a difference of opinion exists between districts of the appellate court on the issue of whether the failure to mail a required section 115—4.1(a) notice of trial can be considered harmless error when the defendant is represented by counsel who is aware of the actual trial date. (Compare *People v. Clark* (1981), 96 Ill. App. 3d 491, 496 (Appellate Court, Third District, held that counsel's knowledge of trial date is deemed constructively imparted to the defendant, thereby rendering harmless the failure to send notice), with *People v. Williams* (1987), 151 Ill. App. 3d 1010, 1012-13 (Appellate Court, Fourth District, apparently held notice provision mandatory regardless of counsel's knowledge of date).) Because we have concluded that no error was committed by the trial court in proceeding *in absentia*, it is unnecessary to consider the question of harmless error.

Defendant next argues that he was denied a fair trial in 1986 when the prosecutor misstated the law during closing argument. He interprets the prosecutor's comments as constituting a statement that the jury was not required to find beyond a reasonable doubt that he was accountable for his codefendant's acts during the drug transaction.

Defendant urges us to apply the plain error rule or, in the alternative, to find ineffective assistance of counsel for the failure to raise this issue in the trial court.

The State responds that defendant has waived this issue, considering that no objection was raised to the allegedly improper argument during trial and the issue was not raised in defendant's 1986 post-trial motion. See *People v. Enoch* (1988), 122 Ill. 2d 176, 186-88.

The State further argues that any error in this regard was cured when the trial court correctly instructed the jury regarding the law of accountability, reasonable doubt, the burden of proof, the presumption of innocence, and the limitations on the effect of arguments by counsel. Alternatively, the State contends that the

error, if any, was harmless in view of the nature of the comment in question and the overwhelming evidence of defendant's guilt.

█ Because we conclude that this court is without jurisdiction to review this allegation of error, we decline to address the issue.

Although defendant filed no notice of appeal within 30 days of the denial of his 1986 motion for new trial, he filed a timely notice of appeal from the trial court's November 17, 1992, denial of his motion for new trial or new sentencing hearing under section 115—4.1(e), which allows for the consideration of a defendant's claim that his absence from trial was both without his fault and due to circumstances beyond his control. Section 115—4.1(g) provides for an appeal from such denial:

> "A defendant whose motion under paragraph (e) for a new trial or new sentencing hearing has been denied may file a notice of appeal therefrom. *Such notice may also include a request for review of the judgment and sentence not vacated by the trial court.*" (Emphasis added.) Ill. Rev. Stat. 1985, ch. 38, par. 115—4.1(g) (now 725 ILCS 5/115—4.1(g) (West 1992)).

Our supreme court has characterized section 115—4.1(e) as a collateral remedy which, under appropriate circumstances, may be utilized by a defendant who has been convicted *in absentia* as a method of securing review of his conviction. It is analogous to an action for post-judgment relief under section 2—401 of the Code of Civil Procedure (735 ILCS 5/2—401 (West 1992)) or an action for post-conviction relief under section 122—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 (now codified, as amended, at 725 ILCS 5/122—1 (West 1992))) and will support an appeal separate from a direct appeal of the underlying judgment. *People v. Partee* (1988), 125 Ill. 2d 24, 31-38.

Because a section 115—4.1(e) proceeding focuses solely upon issues relating to a defendant's absence from trial at the time of his conviction, it is evident that an appeal from the court's denial of a motion under that section would ordinarily be confined to the same issues. However, section 115—4.1(g) expressly provides a separate device enabling the defendant to obtain, in addition, a review of allegations of error relating to the underlying conviction. Specifically, he must include in his notice of appeal "a request for review of the judgment and sentence not vacated by the trial court." (Ill. Rev. Stat. 1985, ch. 38, par. 115—4.1(g) (now 725 ILCS 5/115—4.1(g) (West 1992)).) Without such a request, the notice of appeal would necessarily pertain only to issues relating to the order denying his section 115—4.1(e) motion for a new trial or new sentencing hearing, *i.e.,* whether his absence from court was without his fault and due to circumstances beyond his control. An appellate court has jurisdiction of

only those matters raised in the notice of appeal. *People v. Gallinger* (1989), 191 Ill. App. 3d 488, 490; *People v. Harvey* (1972), 5 Ill. App. 3d 499, 502.

In the present case, defendant's notice of appeal filed on December 15, 1992, after denial of his section 115—4.1(e) motion states:

"[A]n appeal is taken from the order or judgment described below.

\* \* \*

(4) Date of Judgment or order: November 19 [*sic*], 1992. Order came from Judge John J. Nelligan, from the Du Page County Circuit Court."

The notice of appeal contains no request to review issues relating to the 1986 judgment of conviction other than the circumstances of defendant's absence from those proceedings. We must conclude, therefore, that this court is vested with jurisdiction only as to issues relating to the 1992 hearing on defendant's section 115—4.1(e) motion.

Defendant's failure to include in his notice of appeal a section 115—4.1(g) request for review of the judgment and sentence not vacated by the trial court cannot be excused as a mere failure to adhere to formality. *In absentia* judgments are final and appealable. (*Partee*, 125 Ill. 2d at 36.) Because defendant failed to file a notice of appeal within 30 days of the 1986 denial of his motion for new trial, or to move for an extension of time for filing (134 Ill. 2d Rules 606(b), (c)), this court could obtain no jurisdiction to hear a direct appeal of defendant's conviction independent of the special request provision in section 115—4.1(g). A notice of appeal from an order denying a defendant's collateral attack upon his conviction does not, by implication, confer upon a reviewing court jurisdiction to hear a direct appeal of the conviction or to consider issues which are unrelated to the subject matter of the collateral proceeding. See *People v. Ilg* (1965), 60 Ill. App. 2d 295, 299.

In the present case, our jurisdiction is limited by the notice of appeal to reviewing Judge Nelligan's November 17, 1992, order denying defendant's section 115—4.1(e) challenge to the court's determination that his absence from trial was willful. Accordingly, we decline to address defendant's allegation of error in the prosecutor's closing argument.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

QUETSCH and COLWELL, JJ., concur.