THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FRANCISCO MENA, Defendant-Appellant.

First District (1st Division)   No. 1—00—1649

Opinion filed March 17, 2003.

Michael J. Pelletier and Kathleen M. Flynn, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, James E. Fitzgerald, and Julie Line Bailey, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNULTY delivered the opinion of the court:

This case comes before us on remand from our supreme court. That court directed us to vacate and reconsider our initial opinion in this case. We hereby vacate *People v. Mena*, 329 Ill. App. 3d 12 (2002).

In 1998 a jury found defendant, Francisco Mena, guilty of first degree murder. After sentencing, defendant's lawyer filed a notice of appeal. He filed no appellate brief and no record for appeal. In 2000, when defendant discovered that this court had dismissed his appeal for want of prosecution, he filed a postconviction petition, claiming that counsel's ineffective assistance deprived him of his right to appeal. The trial court dismissed the petition as frivolous. Defendant appealed.

A year after the trial court dismissed the postconviction petition, defendant obtained new counsel, who filed a motion to vacate this court's dismissal of the direct appeal from the conviction. Over the prosecution's objection this court granted defendant's petition and reinstated the direct appeal. We decided that appeal in a separate opinion. *People v. Mena*, 329 Ill. App. 3d 579 (2002). On our initial review of the dismissal of the postconviction petition we held that by reinstating the direct appeal we had already given defendant all of the relief due him, and defendant could not, at the time of our review, show prejudice from his attorney's misconduct.

Upon reconsideration, we hold that we must not consider events occurring after the trial court's decision in assessing the sufficiency of the postconviction petition. When the trial court dismissed the petition, we had not yet reinstated the direct appeal. At the time the trial court considered the petition, the petition sufficiently alleged the gist of a constitutional claim for ineffective assistance of appellate counsel. Therefore, we must reverse the decision dismissing the petition as frivolous.

At the trial the prosecution presented evidence that defendant had bludgeoned Hector Saldana to death in 1996. Defendant's trial counsel filed a timely notice of appeal in April 1998. In August 1998 this court dismissed the appeal because defendant's attorney had filed no record and no brief.

The attorney filed a petition to vacate the dismissal the following month. In the petition the attorney stated that his "[l]aw [f]irm ha[d] not been retained by [defendant] or [his] family in order to prosecute this appeal" and that defendant "may hire counsel or *** request the Appellate Defender's Office represent [him] in this matter." Although he remained defendant's sole attorney of record, he accepted no responsibility for filing the record or briefing the appeal. He asked this court to vacate the dismissal and allow defendant an extension of time so that defendant could obtain counsel to prosecute the appeal. By order dated October 8, 1998, we denied the motion to vacate the dismissal, but we specified that we denied it without prejudice to defendant's right to renew the motion once he obtained appellate counsel.

The courts heard nothing further from defendant or his attorney for 17 months. Defendant then filed this postconviction petition *pro se*. In the petition he alleged that he asked his trial attorney to file the notice of appeal. He subsequently wrote his attorney several times asking about the status of the appeal. The attorney never responded to the letters. In December 1999 defendant wrote to the clerk of the court to find the status of his appeal. His sister contacted the State Appellate Defender (the Defender). In January 2000 the Defender informed defendant that this court dismissed his appeal, and the Defender could not take any immediate action because the record still listed defendant's trial attorney as his appellate attorney. The Defender asked the trial attorney to move for appointment of the Defender as appellate counsel.

The trial court gave no reason for the decision to dismiss the postconviction petition. On appeal defendant contends that he stated the gist of a constitutional claim. Because the trial court dismissed the petition without holding an evidentiary hearing, we review the dismissal *de novo*. *People v. Coleman*, 183 Ill. 2d 366, 388-89 (1998).

■ The prosecution argues that the decision to reinstate the direct appeal makes the matter moot. An issue becomes moot "if no actual controversy exists or where events occur which make it impossible for the court to grant effectual relief." *Wheatley v. Board of Education of Township High School District 205*, 99 Ill. 2d 481, 484-85 (1984). In *Wheatley* the plaintiffs brought a *mandamus* action, seeking an order directing the defendant school board to rescind the dismissals of plaintiffs from teaching positions. The plaintiffs also prayed for a judgment declaring that the defendant needed to hold public hearings before dismissing each plaintiff. Before trial all the named plaintiffs accepted teaching positions with the defendant. Our supreme court found the case moot because the plaintiffs received the relief they sought; the declaratory judgment would have no effect on any of the named plaintiffs. Because the court could not grant any effective relief, it dismissed the case as moot.

■ Here, defendant sought appointment of counsel and leave to amend the postconviction petition to state unspecified additional claims, along with the reinstatement of his direct appeal. The trial court did not allow defendant to amend his petition. The claims in an amended petition do not face the limits of claims raised on a direct appeal, as defendant may raise issues outside the trial record in a postconviction petition, but not on a direct appeal. See *People v. Marquez*, 324 Ill. App. 3d 711, 716 (2001). Thus, defendant has not received all the relief he sought. This court has authority to order the trial court to appoint postconviction counsel for defendant and grant him leave to

amend the petition (725 ILCS 5/122—2.1 (West 2000); see *People v. Hernandez*, 283 Ill. App. 3d 312, 318 (1996)), and that relief remains separate from the reinstatement of his appeal. The prosecution actively disputes defendant's right to such relief. The case presents an actual controversy concerning defendant's right to postconviction counsel and his right to amend his postconviction petition, and therefore it is not moot.

■ Defendant argues that his postconviction petition stated the gist of a claim for violation of his constitutional right to the effective assistance of counsel for his appeal. The standards for determining whether a defendant has had effective assistance of trial counsel also apply for determining whether a defendant has had effective assistance of appellate counsel. *People v. West*, 187 Ill. 2d 418, 435 (1999). At this stage, defendant must state the gist of a claim that (1) counsel's performance fell below an objective standard of reasonableness, and (2) the deficiencies in counsel's performance resulted in prejudice to defendant. *People v. Foster*, 168 Ill. 2d 465, 475 (1995); *People v. Prier*, 245 Ill. App. 3d 1037, 1040 (1993).

The first prong presents no difficulty. Counsel's failure to perfect the appeal falls below an objective standard of reasonableness. *People v. Moore*, 133 Ill. 2d 331, 339 (1990). Appellate counsel of record, after filing the notice of appeal, failed to file the trial record and failed to file an appellate brief. Both steps form necessary parts of the process of perfecting an appeal. See 155 Ill. 2d Rs. 326, 343.

At a more fundamental level, according to the allegations of the postconviction petition, counsel failed to respond to his client's letters, and he failed to effectively inform defendant of the steps defendant needed to take to complete the appeal. At this stage of proceedings, we must accept as true all assertions of fact in defendant's postconviction petition and his supporting affidavit, unless the trial record proves the assertions false. *Coleman*, 183 Ill. 2d at 380-82.

■ Rule 1.4 of the Rules of Professional Conduct requires every attorney to "keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information." 134 Ill. 2d R. 1.4(a). The rule further provides that the attorney must "explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." 134 Ill. 2d R. 1.4(b). Counsel did not promptly respond to reasonable requests for information, did not keep defendant informed of the status of his case, and did not explain the steps needed for appeal well enough to permit defendant to make informed decisions about his representation. Defendant apparently had no idea that no attorney would brief or argue his appeal. The attorney failed to impress upon defendant the

significance of the failure to pay the attorney a separate retainer for the appeal.

We hold that when an attorney violates the Rules of Professional Conduct, the attorney's actions are objectively unreasonable. The allegations of the postconviction petition, viewed in light of the record, amply state the gist of a claim that counsel's performance fell below an objective standard of reasonableness.

■ Because of counsel's failure to inform defendant of the steps needed to obtain effective appellate representation, and the failure to perfect the appeal, this court dismissed defendant's appeal without reviewing the case on the merits. The dismissal of the appeal constitutes prejudice. As the court held in *Moore*, 133 Ill. 2d at 339, "no showing of prejudice is required where counsel failed to perfect defendant's appeal. Prejudice is presumed." Defendant need not show any likelihood of success on appeal. *Moore*, 133 Ill. 2d at 339. Therefore, at the time the trial court considered the postconviction petition, the petition stated the gist of a claim that defense counsel performed deficiently, and the deficiency prejudiced defendant.

On our initial consideration of this appeal, we took into account the fact that after the trial court denied defendant's petition, we reinstated defendant's direct appeal. Thus, at the time we reviewed *de novo* the dismissal of the postconviction petition, we saw no prejudice from counsel's alleged misconduct. We relied on *Moore*, 133 Ill. 2d at 338-40, and *Castellanos v. United States*, 26 F.3d 717, 720 (7th Cir. 1994). In those cases the courts considered appropriate relief for a criminal defendant whose direct appeal is dismissed due to appellate counsel's incompetent failure to perfect the appeal. Both courts held that the defendant may have either of two forms of relief: either the court should address all direct appeal issues in the context of the postconviction proceeding, or the defendant should have the right to direct appellate review of the original conviction. Both courts expressed a marked preference for direct appellate review. *Moore*, 133 Ill. 2d at 339-40; *Castellanos*, 26 F.3d at 720. Because we had provided that relief, we found no entitlement to continued postconviction proceedings.

■ Upon reconsideration, we find that our original opinion rested on a misunderstanding of "*de novo* review." On *de novo* review, "we afford no deference to the trial court's decision and instead, we consider anew the pleadings, affidavits, depositions, admissions, and exhibits on file to determine whether the trial court's decision was correct." *Jackson v. Graham*, 323 Ill. App. 3d 766, 779 (2001). We are bound by the record the parties created for the trial court. *Cook County Board of Review v. Property Tax Appeal Board*, 339 Ill. App. 3d 529,

538 (2002). We found on our original consideration of the case, and we reiterate here, that the trial court erred when it dismissed the post-conviction petition. At the time the trial court denied the postconviction petition, this court had not reinstated the direct appeal. Defendant had not even moved for reinstatement. Thus, when the trial court ruled on the postconviction petition, defense counsel's alleged misconduct had caused dismissal of the direct appeal, and that dismissal qualified as prejudice without any further showing from defendant. At that time defendant had stated all facts necessary to show the gist of a claim for deprivation of constitutional rights.

Some courts have defined *de novo* review in ways that might seem to support consideration of events occurring after the trial court had reached its judgment. The court in *Tatara v. Peterson Diving Service*, 283 Ill. App. 3d 1031, 1037 (1996), said that *de novo* review "means that the court reviews the matter anew—the same as if the case had not been heard before and as if no decision had been rendered previously." But *Tatara* did not involve any events occurring after the trial court's decision or the effect of such events on *de novo* review.

■ We find that on *de novo* review of the trial court's judgment dismissing the petition, we should have confined our consideration to the question of whether the trial court reached the correct decision on the basis of the record presented to that court. At that time, defense counsel's alleged incompetence in failing to perfect defendant's direct appeal had prejudiced him, because the appeal had been dismissed and it had not been reinstated. Therefore, the trial court should have appointed counsel to help defendant proceed to the second stage of postconviction proceedings.

We note that neither *Moore* nor *Castellanos* concerned requests for both forms of relief from defense counsel's failure to perfect an appeal. Therefore, neither case expressly decides whether any defendant loses the right to further postconviction proceedings based on counsel's failure to perfect an appeal when the defendant receives direct appellate review of the conviction.

This case is not moot because the parties actively dispute defendant's right to the appointment of counsel to assist with the postconviction petition and the right to amend the petition to state additional claims. The postconviction petition stated the gist of a claim that defense counsel failed to provide effective assistance because counsel failed to file the record or a brief on appeal and he did not effectively inform defendant of the steps defendant needed to take to perfect the appeal. Because the deficient performance led to dismissal of the appeal, defendant suffered prejudice from the alleged misconduct. Accordingly, we reverse dismissal of the postconviction petition

and remand for appointment of counsel and further proceedings under the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 2000)).

Reversed and remanded.

O'MALLEY and SMITH, JJ., concur.