# Illinois Official Reports

## Appellate Court

---

### *People v. Parada*, 2020 IL App (1st) 161987

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HECTOR PARADA, Defendant-Appellant. |
| District & No. | First District, Fourth Division<br>No. 1-16-1987 |
| Filed | March 5, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 98-CR-28433; the Hon. Kenneth J. Wadas, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, Patricia Mysza, and Drew A. Wallenstein, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Assistant State's Attorney, of counsel), for the People. |
| Panel | JUSTICE REYES delivered the judgment of the court, with opinion.<br>Presiding Justice Gordon and Justice Burke concurred in the judgment and opinion. |

**OPINION**

¶ 1     Defendant, Hector Parada (petitioner), was convicted *in absentia* of possession with intent to deliver more than 900 grams of cocaine, a controlled substance, and was sentenced to 60 years' imprisonment. Petitioner's trial counsel filed a notice of appeal in December 2000. In August 2001, the appellate court, on its own motion, dismissed the appeal. In 2009, petitioner was extradited to Illinois from California, where he had been incarcerated since 2005. Thereafter, petitioner filed a motion to reinstate the appeal, which was denied. Petitioner then filed a petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)) alleging ineffective assistance of appellate counsel. The circuit court dismissed the petition at the second stage of proceedings. On appeal, petitioner contends that the circuit court erred when it dismissed his petition because he made a substantial showing that he was denied his right to effective appellate counsel where counsel failed to file a docketing statement, a record on appeal, and an appellate brief, resulting in the dismissal of the appeal. Because the appeal was pending while petitioner remained a fugitive and the appellate court, in its discretion, dismissed the appeal through no fault of counsel, we affirm the judgment of the circuit court.

¶ 2                                   BACKGROUND

¶ 3     On September 30, 1998, petitioner was arrested and charged with possession with intent to deliver more than 900 grams of a controlled substance after a kilogram of cocaine was recovered from a home where petitioner was believed to have resided.

¶ 4     At a pretrial hearing in November 1998, petitioner was admonished about trial *in absentia* and was released on bond. Thereafter, petitioner requested leave to travel to California to be with his daughter who had taken ill. This request was granted after the trial court again admonished petitioner regarding trial *in absentia*.

¶ 5     A jury trial commenced on October 31, 2000, with petitioner being represented by privately retained counsel. While petitioner testified and was present for the trial, he failed to return for the reading of the verdict and was found guilty *in absentia* of the offense as charged. Petitioner did not appear for sentencing, and the circuit court imposed a 60-year sentence.

¶ 6     On December 18, 2000, defense counsel filed a notice of appeal and indicated in the notice that defendant was a fugitive. On February 27, 2001, the clerk of the circuit court issued an appeal certificate that defense counsel had picked up the common law record, which had been bound and certified by the clerk. Eight months after the notice of appeal had been filed, on August 8, 2001, the reviewing court dismissed the appeal. The entirety of the order provided as follows:

> "This cause coming to be heard on the Court's own motion. It appears that when Appellant's notice of appeal was filed, he was a fugitive. As no docketing statement, no record on appeal, and no brief have been filed, the Appellant's appeal is dismissed for want of prosecution."

¶ 7         Some years later, in October 2009, petitioner was extradited to Illinois. On December 15, 2009, petitioner filed a motion to reinstate his appeal. After a response by the State was filed, the reviewing court denied the motion.[1] Petitioner did not appeal this ruling.

¶ 8         Almost a year later, on September 15, 2010, petitioner filed a *pro se* postconviction petition alleging that counsel was ineffective for abandoning the appeal. Petitioner attached to his petition an affidavit in which he averred that it was his "understanding that [his] attorney agreed to represent me in both the trial and appellate court" and that he never "communicated to [his] attorney that [he] wished to abandon the appeal." The circuit court advanced the petition to the second stage and the public defender was appointed to represent petitioner.

¶ 9         In 2014, while the postconviction petition was pending, petitioner filed a motion for a supervisory order with the Illinois Supreme Court requesting it direct the appellate court to reinstate his appeal. That motion was denied.

¶ 10        On August 12, 2015, appointed counsel filed an amended postconviction petition with additional exhibits. Petitioner maintained that his appellate counsel's failure to avoid a dismissal for want of prosecution fell below the reasonable standard of competence of counsel and that prejudice may be presumed in this instance. Petitioner attached to his petition an affidavit in which he attested that his trial counsel had agreed to represent him during his appeal and that he believed counsel was pursuing his appeal.

¶ 11        The State filed a motion to dismiss arguing that since petitioner was a fugitive at the time his appeal was dismissed he forfeited all of his claims. In response, petitioner argued that he alleged sufficient facts to demonstrate a substantial showing that he was deprived of his right to an appeal and his right to effective assistance of counsel when his timely filed appeal was dismissed by the appellate court for want of prosecution. Petitioner further argued that his appeal was not dismissed under the fugitive rule and, even if it had been, that dismissal would have been without prejudice or waiver where he sought reinstatement of his appeal after he returned to the jurisdiction.

¶ 12        The circuit court dismissed the petition. This appeal followed.

¶ 13                                                ANALYSIS

¶ 14        On appeal, petitioner asserts that his petition demonstrated a substantial showing of a constitutional violation where his appellate counsel was ineffective for failing to pursue the appeal.

¶ 15        The Act (*id.*) provides a remedy to criminal defendants whose federal or state constitutional rights were substantially violated in their original trial or sentencing hearing. *People v. Pitsonbarger*, 205 Ill. 2d 444, 455 (2002). A postconviction proceeding is not an appeal from the judgment of conviction but is a collateral attack on the trial court proceedings. *People v. Beaman*, 229 Ill. 2d 56, 71 (2008). To be entitled to postconviction relief, the defendant must make a substantial showing of a constitutional violation at the second stage. *Id.* "The purpose of [a postconviction] proceeding is to allow inquiry into constitutional issues relating to the conviction or sentence that were not, and could not have been, determined on direct appeal." *People v. Barrow*, 195 Ill. 2d 506, 519 (2001).

---

[1]The response to this motion is not included in the record on appeal.

¶ 16   In noncapital cases, the Act creates a three-stage procedure for relief. *People v. Hodges*, 234 Ill. 2d 1, 10 (2009). A defendant, at the first stage, need only present a limited amount of detail in the petition. *Id.* at 9. Since most petitions are drafted at this stage by *pro se* defendants, the threshold for survival is low and a defendant is only required to allege the "gist" of a constitutional claim. *Id.* If the circuit court independently determines that the petition is either "frivolous or is patently without merit," it dismisses the petition in a written order. 725 ILCS 5/122-2.1(a)(2) (West 2016); *Hodges*, 234 Ill. 2d at 10. If a petition is not summarily dismissed by the circuit court during the first stage, it advances to the second stage where counsel may be appointed to represent an indigent defendant and where the State is allowed to file a motion to dismiss or an answer to the petition. *Hodges*, 234 Ill. 2d at 10-11.

¶ 17   To avoid dismissal at the second stage, the circuit court must determine whether the petition and any accompanying documentation make a substantial showing of a constitutional violation. *People v. Edwards*, 197 Ill. 2d 239, 246 (2001). At this stage of the proceedings, the circuit court takes all well-pleaded facts that are not positively rebutted by the trial record as true. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). "Nonfactual and nonspecific assertions which merely amount to conclusions are not sufficient to require a hearing under the Act." *People v. Coleman*, 183 Ill. 2d 366, 381 (1998). If the circuit court denies the State's motion to dismiss, a third-stage evidentiary hearing must follow. *People v. English*, 403 Ill. App. 3d 121, 129 (2010); 725 ILCS 5/122-6 (West 2016).

¶ 18   In this case, the petition advanced to the second stage and was dismissed. Accordingly, our standard of review is *de novo*. *Pendleton*, 223 Ill. 2d at 473; *People v. Tyler*, 2015 IL App (1st) 123470, ¶ 151. *De novo* consideration means that the reviewing court performs the same analysis a trial judge would perform. *Tyler*, 2015 IL App (1st) 123470, ¶ 151.

¶ 19   Petitioner here maintains that he received ineffective assistance of appellate counsel where counsel failed to file a docketing statement, the record on appeal, and a brief that resulted in the dismissal of his appeal. In response, the State asserts that petitioner's postconviction petition was properly dismissed because petitioner suffered no prejudice as a result of his counsel's conduct where the reviewing court would have dismissed the appeal due to his fugitive status. The State further maintains that, under the disentitlement theory, petitioner forfeited his right to appellate review because he voluntarily absented himself from the jurisdiction.

¶ 20   A criminal defendant has a constitutional right to the effective assistance of counsel in an appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 393-97 (1985); *People v. Robinson*, 217 Ill. 2d 43, 61 (2005). "[A] claim of ineffective assistance of counsel on appeal is cognizable under the [Act] [citation]." *People v. Mack*, 167 Ill. 2d 525, 531 (1995). Indeed, "A postconviction claim of ineffective assistance of counsel in failing to perfect an appeal implicates both the right to counsel on appeal and the right to appeal." *People v. Ross*, 229 Ill. 2d 255, 268 (2008). Ordinarily, to prevail on a claim of ineffective assistance of counsel, "a defendant must show that counsel's performance was objectively unreasonable under prevailing professional norms and that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *People v. Domagala*, 2013 IL 113688, ¶ 36 (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

¶ 21   In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the United States Supreme Court extended *Strickland* to ineffective-assistance claims based upon defense counsel's failure to perfect an appeal: "[W]hen counsel's constitutionally deficient performance deprives a defendant of an

appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.* at 484; see *Ross*, 229 Ill. 2d at 261. In this context, "prejudice may be presumed when defense counsel's ineffectiveness rendered appellate proceedings nonexistent, essentially denying the defendant's right to appeal." *Ross*, 229 Ill. 2d at 262 (citing *Flores-Ortega*, 528 U.S. at 484).

¶ 22 Relying on *People v. Mena*, 337 Ill. App. 3d 868, 872-73 (2003), *People v. Brandon*, 294 Ill. App. 3d 911, 911-12 (1998), and *People v. Koch*, 266 Ill. App. 3d 688, 690-93 (1994), petitioner argues that prejudice must be presumed here because counsel's failure resulted in the loss of his right to appeal. We initially observe that none of these cases involve a fugitive defendant. That aside, each of these cases rely on our supreme court's opinion in *People v. Moore*, 133 Ill. 2d 331 (1990), which set forth the "*per se* prejudice" rule. In *Moore*, our supreme court considered the appropriate remedy for a criminal defendant whose appeal is dismissed because of attorney negligence. The court concluded that reinstatement by motion in the appellate court was preferable where a defendant "properly invoked appellate jurisdiction, only to have his appeal dismissed, through no fault of his own." *Id.* at 339-40. Pertinent to the appeal at bar, the *Moore* court indicated, "Although a post-conviction proceeding can, and should, be utilized in certain circumstances as a remedy for a lost right of appeal, where it is used, no showing of prejudice is required where counsel failed to perfect defendant's appeal. Prejudice is presumed." *Id.* at 339.

¶ 23 Subsequent to *Moore*, our supreme court issued its opinion in *Edwards* wherein it adopted what has been called the "presumption of prejudice plus test." *Edwards*, 197 Ill. 2d at 252; see *People v. Rovito*, 327 Ill. App. 3d 164, 171 (2001). Based on the Supreme Court's holding in *Flores-Ortega*, our supreme court stated that when appellate counsel fails to perfect an appeal prejudice is presumed, but the defendant is additionally required to demonstrate that counsel's deficient performance " 'actually cause[d] the forfeiture of the defendant's appeal.' " *Edwards*, 197 Ill. 2d at 252 (quoting *Flores-Ortega*, 528 U.S. at 484); see *Ross*, 229 Ill. 2d at 262 (applying this prejudice test); *Rovito*, 327 Ill. App. 3d at 172-74 (same). Under this test, it remains true that a defendant is not required to demonstrate that his appeal would have been successful in order to establish he was prejudiced by his attorney's failure to perfect the appeal. *Edwards*, 197 Ill. 2d at 252-53.

¶ 24 In this case, there is no question that appellate counsel failed to perfect the appeal and that petitioner was a fugitive at the time his appeal was filed and dismissed. It is well established that the appellate court may dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal. *People v. Partee*, 125 Ill. 2d 24, 37 (1988). This century-old "fugitive dismissal rule" was first applied by the United States Supreme Court in *Smith v. United States*, 94 U.S. 97, 97-98 (1876). There, an escaped defendant remained at large when his petition arose before the Court. The case was dismissed, with the Court holding that there could be no assurance that any judgment it issued would prove enforceable. *Id.* The Court later held that the fugitive dismissal rule applied to state courts in *Allen v. Georgia*, 166 U.S. 138, 142 (1897) (rejecting the defendant's claim that a state court's dismissal of his appeal under the fugitive disentitlement doctrine and its subsequent refusal to reinstate the appeal upon his later recapture violated due process). Subsequent to *Smith* and *Allen*, courts have relied on one or more of the following four rationales in adopting the fugitive dismissal rule: (1) the importance of an enforceable judgment, (2) the existence of waiver or abandonment based on flight, (3) the advancement of the efficient operation of courts by deterring escape, and (4) the

avoidance of prejudice to the government. See, *e.g.*, *Ortega-Rodriguez v. United States*, 507 U.S. 234, 239-42 (1993) (discussing the rationales for the fugitive dismissal rule); *United States v. Awadalla*, 357 F.3d 243, 245 (2d Cir. 2004) (same); *Estelle v. Dorrough*, 420 U.S. 534, 537 (1975) (*per curiam*) (explaining that the dismissal of an appeal of a defendant who flees the jurisdiction serves an important deterrent function and advances an interest in efficient, dignified appellate practice). "Thus, it is clear that our Supreme Court approves of dismissal as an appropriate sanction when a prisoner is a fugitive during the 'ongoing appellate process.' " *People v. Taylor*, 247 Ill. App. 3d 321, 322 (1993).

¶ 25    Similarly, Illinois courts traditionally have followed the century-old rule establishing that an appellate court has the discretionary power to refuse to hear a fugitive's appeal unless or until the fugitive voluntarily returns to the jurisdiction of the court. *Partee*, 125 Ill. 2d at 37 (citing *People v. Estep*, 413 Ill. 437 (1952), and *McGowan v. People*, 104 Ill. 100 (1882)). More importantly, our supreme court has emphasized the reviewing court's discretion, expressly stating that "[w]e do not hold that the appellate court *must* hear a fugitive's appeal in all instances." (Emphasis in original.) *Id.* Following *Partee*, later appellate court cases have dismissed the appeals of fugitive defendants. See *People v. Wicklund*, 363 Ill. App. 3d 1045, 1047-48 (2006); *Taylor*, 247 Ill. App. 3d at 325. Dismissals under the fugitive dismissal rule, however, are without prejudice and subject to reinstatement upon proper motion. *People v. Vasquez*, 339 Ill. App. 3d 546, 552 (2003).

¶ 26    Having set forth this precedent, we now apply it to the case at bar. As previously discussed, to establish prejudice petitioner must make a substantial showing that counsel's failure to perfect the appeal actually caused the forfeiture of the appeal. *Edwards*, 197 Ill. 2d at 252. We find petitioner has failed to make such a substantial showing where his voluntary status as a fugitive caused the dismissal of the appeal. When petitioner's appeal was dismissed it was done so without prejudice; accordingly, his right to appeal was not foreclosed at that time. See *Vasquez*, 339 Ill. App. 3d at 552. Pursuant to our case law, petitioner had the opportunity when he returned to our jurisdiction to file a motion to reinstate the appeal, which he did. See *id.* The subsequent denial of his motion to reinstate was within the reviewing court's discretion and had nothing to do with appellate counsel's failure to file a docketing statement, record, and brief on behalf of defendant. See *People v. Aliwoli*, 60 Ill. 2d 579, 582 (1975) (setting forth the discretionary standard of review for a motion to reinstate). Such failures by appellate counsel cannot act to deprive a fugitive defendant of the right to appeal where the dismissal is without prejudice and—should the appellate court in its discretion later reinstate the appeal—the fugitive defendant would have the future opportunity to file those documents.

¶ 27    In rendering this determination, we do not find persuasive petitioner's argument that the appellate court did not dismiss his appeal because he was a fugitive but because there was "no docketing statement, no record on appeal, and no brief have been filed." We view the reference to the absence of filings in the appellate court docket as merely an additional reason for the court to exercise its discretion to dismiss the appeal. It was not the sole reason as petitioner suggests. The order expressly references petitioner's then-fugitive status. The order was also entered eight months after the notice of appeal was filed. This eight-month period provided petitioner with ample time to avail himself of the jurisdiction of the appellate court and participate in the appellate process.

¶ 28    Petitioner further argues that he made a substantial showing of prejudice based on our supreme court's holding in *Partee*. In that case, our supreme court held that a defendant who

is convicted *in absentia* may appeal his conviction without first moving for a hearing to determine whether his absence from trial was willful under section 115-4.1(e) of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1985, ch. 38, ¶ 115-4.1(e) (now 725 ILCS 5/115-4.1(e) (West 2018))). *Partee*, 125 Ill. 2d at 28. The court reasoned that section 115-4.1(e) of the Code was not a jurisdictional predicate to filing a notice of appeal. *Id.* at 30. Indeed, section 115-4.1(a) (Ill. Rev. Stat. 1985, ch. 38, ¶ 115-4.1(a)) explicitly provided that all procedural rights guaranteed by the constitution of the United States, the constitution of the State of Illinois, the statutes of Illinois, and the rules of the court shall apply to the proceedings the same as if the defendant were present in court. *Partee*, 125 Ill. 2d at 31. This necessarily includes allowing a defendant to file a notice of appeal from his conviction and sentence, which, the court observed, is perfected by the filing of a notice of appeal. *Id.* at 29-30 (citing Ill. S. Ct. R. 606(a) (eff. July 1, 1984) ("[n]o step in the perfection of the appeal other than the filing of the notice of appeal is jurisdictional")).

¶ 29    While petitioner here advances *Partee*'s holding as instructive to demonstrate that appellate counsel was derelict in her failure to pursue the appeal, we find the opposite to be true. First, the *Partee* court expressly stated that "[w]e do not hold that the appellate court *must* hear a fugitive's appeal in all instances. We adhere to the century-old rule that an appellate court has the discretionary power to refuse to hear a fugitive's appeal unless and until the fugitive returns to the jurisdiction." (Emphasis in original.) *Id.* at 37. Second, the dismissal of the appeal was without prejudice, thus providing petitioner with an avenue to reinstate the appeal upon his return to the jurisdiction. See *Vasquez*, 339 Ill. App. 3d at 552 (appellate court jurisdiction is "deferred until a fugitive defendant returns and petitions us for reinstatement").[2]

¶ 30    Petitioner also cites *People v. Dupree*, 339 Ill. App. 3d 512, 518 (2003), for his contention that "a defendant convicted and sentenced *in absentia* may have a notice of appeal filed, an appeal briefed, trial errors addressed, and relief given." While this proposition is not incorrect, *Dupree* qualified this statement by reiterating that the appellate court "retains discretion not to grant relief if the defendant remains a fugitive." *Id.* Here, petitioner was a fugitive at the time the notice of appeal was filed and remained a fugitive eight months later when the appellate court *sua sponte* dismissed his appeal. Thus, while under *Dupree* a fugitive may pursue an appeal, it is still within the reviewing court's purview to decline to consider the appeal due to the defendant's fugitive status. *Id.*

¶ 31    Lastly, we take issue with petitioner's argument that appellate counsel's failure to perfect his appeal "foreclosed" him from having "any opportunity" for appellate review. That is certainly not the case. First and foremost, it was petitioner's fugitive status—over which he has the utmost control—that led to the dismissal of his appeal and the subsequent denial of his motion to reinstate. Indeed, had petitioner promptly availed himself of the court by returning to our jurisdiction, it is possible that his motion to reinstate would have been granted. See *Partee*, 125 Ill. 2d at 37 ("By retaining this discretionary power, the appellate court is in a better position to induce the fugitive appellant to return than if it lacks jurisdiction altogether."); *Vasquez*, 339 Ill. App. 3d at 553 (holding that a defendant whose timely filed

---

[2]We observe that petitioner did file a motion to reinstate his appeal in December 2009. After the State filed a response, the motion was denied. No copy of the motion, response, or order is contained in the record. Petitioner did not appeal the denial of his motion to reinstate.

appeal is dismissed under the fugitive rule does not waive the right to a direct review, but may petition for reinstatement of his appeal upon his return).

¶ 32    Second, a fugitive defendant may request a supervisory order from our supreme court requesting that the appellate court be directed to hear the appeal. See *People ex rel. Birkett v. Bakalis*, 196 Ill. 2d 510, 513 (2001) (explaining supervisory orders). While petitioner did so in this case, his request was denied. See *id.* at 512 ("Supervisory orders are granted by our court only in limited circumstances.").

¶ 33    Third, section 115-4.1 of the Code, and our case law interpreting that section, provides a fugitive defendant with an avenue to an appeal.[3] In Illinois, provisions for *in absentia* proceedings are set forth in section 115-4.1 of the Code. Subsection (e) thereof provides for a procedure whereby a defendant convicted *in absentia* may obtain a new trial or new sentencing hearing if that defendant "can establish that his failure to appear in court was both without his fault and due to circumstances beyond his control." 725 ILCS 5/115-4.1(e) (West 2018). Subsection (g) of the Code then provides:

> "A defendant whose motion under paragraph (e) for a new trial or new sentencing hearing has been denied may file a notice of appeal therefrom. Such notice may also include a request for review of the judgment and sentence not vacated by the trial court." *Id.* § 115-4.1(g).

In *Partee*, our supreme court held that a section 115-4.1(e) motion is, in effect, a collateral attack upon a final judgment rather than a procedural step in the direct appeal of that judgment; accordingly, such a motion does not affect the jurisdiction of the appellate court over the direct appeal. *Partee*, 125 Ill. 2d at 35-36. "The section 115-4.1(g) appeal is from a final order of that collateral proceeding. The legislature has engrafted the request for review of the conviction and sentence as a part of that appeal from the final order of the collateral proceeding." *People v. Williams*, 274 Ill. App. 3d 793, 798 (1995); see *People v. Gomez Moran*, 2018 IL App (3d) 150754, ¶¶ 15-16 (concluding the appellate court had jurisdiction to review the trial court's order striking the defendant's section 115-4.1(e) motion). Thus, it follows that a fugitive defendant may pursue both an appeal from the judgment and sentence pursuant to Illinois Supreme Court Rule 606 (eff. July 1, 2017) and a motion under section 115-4.1(e). See *People v. Pontillo*, 267 Ill. App. 3d 27, 33 (1994) (a section 115-4.1(e) motion "will support an appeal separate from a direct appeal of the underlying judgment"); *Dupree*, 339 Ill. App. 3d at 525 (Gordon, J., specially concurring) (stating appellate review pursuant to section 115-4.1(g) was "unfettered and coextensive with the review generally available under Supreme Court Rule 606"); see also *People v. Manikowski*, 288 Ill. App. 3d 157, 161 (1997) ("pursuit of postconviction relief under section 122-1 [of the Act] does not foreclose pursuit of a section 115-4.1(e) motion").

¶ 34    In sum, we conclude that the circuit court did not err when it dismissed petitioner's postconviction petition at the second stage. Because petitioner cannot demonstrate that appellate counsel's alleged ineffectiveness was the cause of the dismissal of his appeal, petitioner cannot make the requisite substantial showing of a constitutional violation. Indeed, it was petitioner's fugitive status that caused the dismissal of his appeal. Accordingly, the

---

[3]We observe that section 115-4.1 is not directly at issue in this appeal, and accordingly, we reference it merely to discount petitioner's argument that the review of his judgment and sentence are "foreclosed" as he suggests.

judgment of the circuit court is affirmed.

¶ 35                                CONCLUSION

¶ 36        For the reasons set forth above, we affirm the judgment of the circuit court dismissing petitioner's postconviction petition due to his failure to demonstrate a substantial showing that he was prejudiced by his appellate counsel's deficient performance where petitioner was a fugitive at the time his appeal was dismissed.

¶ 37        Affirmed.