2021 IL App (1st) 190956-U

No. 1-19-0956

Order filed October 26, 2021.

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 09 CR 14841 |
| | ) | |
| CRAIG MRAZEK, | ) | The Honorable |
| | ) | Colleen A. Hyland, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE LAVIN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court's dismissal of defendant's postconviction petition at the second stage of review is affirmed where the petition did not make a substantial showing that trial counsel was ineffective for failing to request a fitness hearing.

¶ 2    Defendant Craig Mrazek appeals from the circuit court's dismissal of his *pro se* petition pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2014)) at the second

stage of review, alleging that his petition made a substantial showing that trial counsel was ineffective for not requesting a fitness hearing prior to defendant's guilty plea. We affirm.

¶ 3     Defendant was charged by indictment with multiple counts, including counts I through III for predatory criminal sexual assault (720 ILCS 5/12-14.1(a)(1) (West 2004)), following a series of incidents between October 1, 1996 and March 31, 2004.

¶ 4     At a pretrial proceeding on January 20, 2010, defendant, then incarcerated, told the court, "I'm not taking the medication I need, so I'm not understanding what you're saying." He further stated he could not recall his specific diagnosis. The court ordered a behavioral clinical examination (BCX).

¶ 5     On March 2, 2010, letters from Dr. Jonathan Kelly, a forensic psychiatrist, and Christofer J. Cooper, a licensed clinical psychologist, were filed with the court. In his letter, Dr. Kelly found defendant fit for trial. Dr. Kelly relied on his "clinical observation and review of records," and noted defendant was not on antidepressant, antipsychotic, or mood-stabilizing medication. Cooper, in turn, found defendant fit for trial based on an "examination and review of the available records." Cooper wrote that defendant gave no "clinical indication of a mental condition that would preclude his fitness," and was currently prescribed psychotropic medication.

¶ 6     At a proceeding on April 8, 2010, defense counsel acknowledged receipt of the "psychiatric report and psychiatric summary" finding defendant fit for trial.

¶ 7     On March 3, 2011, defendant sent a letter to the trial judge, describing his "mental deficits," "reality skips," and medication. On March 22, 2011, defense counsel acknowledged that defendant had "some issues" and had sent a letter to the court, and requested an additional date for plea negotiations.

¶ 8    On April 19, 2011, defendant pled guilty to counts I through III for predatory criminal sexual assault. During the plea hearing, defendant stated that he understood the charges, the rights he was foregoing by pleading, the possible sentences he faced, and further asserted he decided to plead guilty of his own free will.

¶ 9    The State relayed a factual basis that defendant sexually abused J.M. on multiple occasions when she was between 7 and 16 years old, and defendant later confessed to police officers. The court sentenced defendant to three consecutive terms of six years' imprisonment and 15 years' mandatory supervised released (MSR). Defendant did not file a motion to withdraw his plea or an appeal.

¶ 10    On April 22, 2014, defendant filed a *pro se* postconviction petition alleging ineffective assistance of counsel, a due process violation, and violations of his rights under the fourth, sixth, and eighth amendments to the United States Constitution. In relevant part, defendant alleged that trial counsel refused to speak prior to the guilty plea, which left defendant confused about the difference between a jury or bench trial. Defendant further alleged that trial counsel did not hire an "expert forensic doctor to explain to the court *** [defendant's] medical brain condition" which caused him to "black out and not remember things that were said *** in court." Defendant also claimed that the 15-year MSR term was improper. He attached medical records indicating diagnoses for "hypersomnia unspecified" and "narcolepsy with cataplexy," dated January 2008.

¶ 11    The circuit court summarily dismissed the petition. Defendant appealed, and this court reversed and remanded for second stage proceedings, finding that the petition stated an arguable claim for ineffective assistance of counsel for not objecting to defendant's 15-year MSR term. *People v. Mrazek*, 2017 IL App (1st) 142975-U.

¶ 12    On April 27, 2018, defendant informed the circuit court that he did not want counsel appointed. Following a hearing on May 11, 2018, the court allowed defendant to proceed *pro se*.

¶ 13    On August 3, 2018, the State moved to dismiss the petition, arguing in relevant part that defendant was deemed fit prior to trial and provided no support in the petition to suggest a *bona fide* doubt of his fitness. The State also emphasized that defendant indicated he understood the proceedings during the plea hearing.

¶ 14    On September 14, 2018, defendant responded to the State's motion to dismiss, claiming in relevant part that he "twice informed the [trial] judge that he was unable to understand court proceedings," had been diagnosed with "neurological defects" and narcolepsy, and had "reality skips" and hallucinations.

¶ 15    On December 7, 2018, during argument on the motion, the State, in relevant part, argued that any ineffective assistance claims had been available, but were not raised, on direct appeal, and were thus forfeit. The prosecutor further argued that "nothing in the plea of guilty transcript *** demonstrates any evidence whatsoever that [defendant] failed to understand anything that was going on with the case." Counsel also emphasized that Dr. Kelly deemed defendant fit for trial.

¶ 16    On March 15, 2019, the circuit court granted the State's motion to dismiss and corrected the mittimus to reflect a three-year MSR term. The court found defendant's non-MSR related allegations "conclusory."

¶ 17    On appeal, defendant claims that the circuit court erred by granting the State's motion to dismiss because his petition made a substantial showing that trial counsel was ineffective for not requesting a fitness hearing.

¶ 18    The Act provides a mechanism for criminal defendants to challenge a conviction on the grounds that it violates their rights under the state or federal constitution, or both. *People v. Gayden*, 2020 IL 123505, ¶ 39. Petitions brought pursuant to the Act proceed in three stages. *People v. Bailey*, 2017 IL 121450, ¶ 18. Here, the circuit court granted the State's motion to dismiss defendant's petition at the second stage. At the second stage, the circuit court "takes all well-pleaded facts that are not positively rebutted by the trial record as true," and determines whether the petition and attachments make a "substantial showing of a constitutional violation." *People v. Parada*, 2020 IL App (1st) 161987, ¶ 17. We review the circuit court's dismissal of a postconviction petition at the second stage *de novo*. *Id.* ¶ 18.

¶ 19    Defendant claims his petition makes a substantial showing of ineffective assistance of counsel for failing to request a fitness hearing. To establish ineffective assistance, "a defendant must show that (1) the attorney's performance fell below an objective standard of reasonableness, and (2) the attorney's deficient performance prejudiced defendant" such that "there is a reasonable probability that the result of the proceeding would have been different" absent the deficient conduct. *People v. Jackson*, 2020 IL 124112, ¶ 90. Where a defendant cannot establish one prong, the claim fails, and the reviewing court can deny the claim on that basis alone. *Id.*

¶ 20    A defendant is generally presumed fit to stand trial, and will only be considered unfit if, due to his mental or physical condition, he is unable to "understand the nature and purpose of the proceedings *** or to assist" in his defense. *People v. Easley*, 192 Ill. 2d 307, 318 (2000). Thus, to establish prejudice here, the defendant must demonstrate that facts existed at the time of his guilty plea to give rise to *bona fide* doubt of his fitness so as to require a hearing thereon. *Id.* at 319 ("Defendant is entitled to relief on this post-conviction claim only if he shows that the trial

court would have found a *bona fide* doubt of his fitness and ordered a fitness hearing if it had been apprised of the evidence now offered."). Such circumstances include irrational behavior by the defendant, his in-court demeanor, and prior medical opinions as to his fitness. *Id.* That a defendant requires mental health treatment does not automatically render him unfit. *People v. Rosado*, 2016 IL App (1st) 140826, ¶ 32 (citing *People v. Eddmonds*, 143 Ill. 2d 501, 519-20 (1991)). "Fitness speaks only to a person's ability to function within the context of a trial." *Easley*, 192 Ill. 2d at 320.

¶ 21    Here, the record shows that defendant received a diagnosis of hypersomnia and narcolepsy with cataplexy in 2008. At a pretrial proceeding in January 2010, he represented to the court that he was not receiving his medication and was having trouble understanding the proceedings. The court ordered a BCX examination. In March 2010, the court received letters from two mental health professionals, both of whom found defendant fit for trial. One letter mentioned defendant took psychotropic medication, while the other did not, and neither referenced his diagnoses of hypersomnia and narcolepsy. In March 2011, the court received a letter from defendant, asserting that he suffers from "mental deficits" and "reality skips." During the subsequent plea hearing, the court admonished defendant of his charges, his potential sentences, and the rights he waived by pleading guilty. Defendant indicated that he understood and decided to plead guilty of his own free will.

¶ 22    On this record, we find that defendant's petition does not make a substantial showing of prejudice from trial counsel's failure to request a fitness hearing. The relevant factors strongly indicate that the trial court would not have found *bona fide* doubt as to defendant's fitness and ordered the hearing had counsel made the request. Defendant mentioned difficulty comprehending

the proceedings in 2010, but afterwards made no such in-court representation, and did not act irrationally in the courtroom. Additionally, he repeatedly indicated during his plea hearing that he understood the proceeding. Moreover, the record is clear that the court knew of potential issues with defendant's fitness and mental health and took proactive steps to ensure his fitness, and that two separate mental health professionals deemed him fit for trial

¶ 23    Defendant points to his letter to the court preceding the plea hearing, the fact that neither Dr. Kelly nor Cooper mentioned his diagnoses in their letters, and that Dr. Kelly failed to note defendant took medication. But there is no dispute that the court knew of defendant's potential fitness issues and also that he potentially used psychotropic medication, and took the appropriate steps to evaluate his fitness before accepting the guilty plea. A defendant is not unfit simply because he has a mental health diagnosis or takes medication. *Rosado*, 2016 IL App (1st) 140826, ¶ 32.

¶ 24    Defendant's petition does not show why his 2008 diagnoses, "reality skips," "mental deficits," or any other alleged mental health problems so affected his ability to understand the proceedings against him and participate in his own defense that *bona fide* doubt as to his fitness existed at the time of his plea. Instead, the record positively rebuts his claim, as defendant stated in court that he understood the court's admonishments respecting his plea, and both Cooper and Dr. Kelly deemed him fit. Thus, where the petition fails to make a substantial showing that *bona fide* doubt of defendant's fitness existed at the time of his plea such that the trial court would have ordered a fitness hearing, he cannot establish prejudice from counsel's failure to request the hearing, and his claim for ineffective assistance fails. Because defendant cannot establish prejudice, we do not reach whether counsel's conduct in not requesting a fitness hearing was

objectively unreasonable. See *Jackson*, 2020 IL 124112, ¶ 90 ("Because the defendant must satisfy both prongs of the test, the failure to establish either is fatal to the claim.")

¶ 25    For the foregoing reasons, the circuit court's grant of the State's motion to dismiss is affirmed.

¶ 26    Affirmed.