NOTICE

Decision filed 10/13/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220158-U

NO. 5-22-0158

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 16-CF-1215 |
| | ) | |
| BRANDON KIRKENDALL, | ) | Honorable |
| | ) | Julie K. Katz, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Cates and Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The dismissal of defendant's postconviction petition is affirmed where defendant's petition failed to make a substantial showing of a constitutional violation, and the defendant's postconviction counsel provided him with reasonable assistance.

¶ 2    Defendant, Brandon Kirkendall, appeals the dismissal of his postconviction petition. His court-appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), concluded this appeal lacks merit, and on that basis, filed a motion to withdraw as counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), accompanied by a memorandum of law in support thereof. OSAD provided notice of the filing to defendant and this court provided defendant an opportunity to file a *pro se* brief, memorandum, or other document explaining why OSAD should not be allowed to withdraw as counsel, or why this appeal had merit. Defendant filed no responsive pleading. Having examined OSAD's motion and the accompanying memorandum of law, as well

1

as the entire record on appeal, we conclude this appeal lacks merit. Therefore, we grant OSAD's motion for leave to withdraw as counsel and affirm the circuit court's judgment.

¶ 3                                  BACKGROUND

¶ 4     In September 2016, defendant was indicted for first-degree murder, in connection with the shooting death of Samuel Brown in July 2016. In 2017, the cause proceeded to a jury trial in which defendant asserted the affirmative defense of self-defense. Ultimately, the jury found him guilty of second-degree murder. Following defendant's conviction, the trial court ordered a presentence investigation report (PSI).

¶ 5     The PSI revealed defendant had four prior felony convictions in St. Clair County including: (1) domestic battery (case No. 11-CF-753) for which defendant was sentenced to imprisonment for two years; (2) aggravated domestic battery (case No. 08-CF-551) for which he was sentenced to imprisonment for four years; (3) domestic battery (case No. 07-CF-1226) for which he was sentenced to imprisonment for one year; and (4) aggravated battery (case No. 07-CF-389) for which defendant was originally sentenced to probation but was subsequently revoked and a short jail term was imposed. The PSI also revealed that at the time of the instant offense, defendant was on probation for two misdemeanor cases.

¶ 6     Defendant's sentencing hearing was held on January 19, 2018. The State asked the court to sentence defendant to 20 years based on statutory factors in aggravation, including serious harm to the victim, defendant's past criminal activity, and deterrence. Defendant's trial counsel requested the minimum sentence of four years and argued that defendant was trying to protect his family, a similar event occurring again was unlikely, defendant could return as a contributing member of society, and the statutory minimum sentence could not be ignored. As to the last claim, counsel argued that another defendant convicted of a similar crime in the same jurisdiction

2

received 12 years' incarceration. In response, the trial court stated that it believed it was improper to consider the other case. Defense counsel disagreed, but when the court requested authority in support of counsel's position, counsel conceded he did not have any. Defendant provided a statement in allocution apologizing to the victim's family as well as his own. He further thanked the court, his counsel, the prosecutor, and the jury for a fair trial.

¶ 7    Thereafter, the trial court sentenced defendant to 16 years' imprisonment in the Illinois Department of Corrections to be served at 50% followed by 2 years' mandatory supervised release (MSR). In rendering its sentence, the court noted all the factors in aggravation and mitigation and noted "the big thing" going against defendant was his criminal history. Thereafter, the court advised defendant of his appeal rights and defendant expressed his understanding of those rights.

¶ 8    Defendant, through his counsel, filed a motion to reconsider sentence. The motion alleged that defendant orally advised counsel of his desire to appeal the sentence on January 19, 2018. The motion further alleged that the motion was timely filed on February 15, 2018. However, the motion was file-stamped February 28, 2018, by the St. Clair County clerk. The motion further alleged that defendant's sentence was excessive in violation of the eighth and fourteenth amendments in that the sentence was inconsistent with sentences imposed on similarly situated criminals in this and other jurisdictions. In support of this argument, counsel cited *Solem v. Helm*, 463 U.S. 277 (1983).

¶ 9    On April 2, 2018, defendant, through his counsel, filed a posttrial motion. An amended posttrial motion was filed on April 17, 2018, and a second amended posttrial motion was filed on July 11, 2018. At a hearing on September 5, 2018, the court found the State waived the objections to timeliness. The State argued that the issue was not notice, it was jurisdiction. When queried by the court, defense counsel conceded he had no evidence that the motion to reconsider sentence was filed on February 15, 2018. The State argued, pursuant to *People v. Segoviano*, 189 Ill. 2d 228

3

(2000), that the 30-day filing requirement was mandatory. The trial court admonished the State for its late presentation of the relevant case law and continued the hearing. The written order required the State to file its formal responses to defendant's pleadings and set the matter for hearing on October 4, 2018.

¶ 10    On September 28, 2018, the State filed a motion to dismiss defendant's motion to reconsider sentence and second amended posttrial motion, on the ground of untimeliness and the lack of subject matter jurisdiction. After a hearing on October 4, 2018, the court issued an order granting the State's motion to dismiss.

¶ 11    Defendant appealed, and OSAD was appointed to represent him. Having concluded the appeal was without merit, OSAD filed a motion to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). On October 6, 2020, this court granted OSAD's motion to withdraw as counsel and affirmed the judgment of the circuit court. This court found that the circuit court lost subject matter jurisdiction due to the untimely filed motion. *People v. Kirkendall*, No. 5-19-0118, ¶ 4 (2020) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 12    In the interim, on August 13, 2020, defendant filed a *pro se* motion to reduce sentence. The motion alleged that he should be released so he could be of service to others, noted the difficulties of his incarceration on his daughter and legally blind mother, and claimed he was rehabilitated based on his ability to obtain his GED certificate and maintain a job while incarcerated. On September 18, 2020, the circuit court noted that more than two years elapsed from the imposition of defendant's sentence to the filing of his latest motion to reduce and denied defendant's motion on the basis of untimeliness. No appeal was taken from that order.

¶ 13    On October 12, 2020, defendant filed a *pro se* petition for postconviction relief. The petition alleged that defendant's trial counsel provided ineffective assistance as evidenced by his

4

failure to timely file the motion for reduction of sentence, defendant's sentence was inconsistent with sentences imposed on similarly situated criminals in that jurisdiction, the State failed to prove guilt beyond a reasonable doubt, and a sundry of other errors. On October 23, 2020, the circuit court found defendant presented the gist of a constitutional claim, advanced the petition to the second stage of postconviction proceedings, and appointed postconviction counsel.

¶ 14    On December 15, 2021, following numerous COVID-related delays, postconviction counsel filed an amended postconviction petition. The amended petition claimed: (1) defendant's sentence was "disproportionately severe" when compared to other sentences for second-degree murder "in this jurisdiction," and (2) defendant's trial counsel provided ineffective assistance by failing to timely file the motion to reduce sentence. Defendant sought vacatur of his sentence and a new sentencing hearing. The amended petition was accompanied by numerous exhibits, consisting mainly of sentencing orders entered in unrelated second-degree murder cases listing prison sentences ranging from 48 months' probation to 14 years' incarceration. The amended postconviction petition also contained postconviction counsel's certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017).

¶ 15    On January 11, 2022, the State moved to dismiss the amended postconviction petition. The State argued that defendant's first claim lacked merit pursuant to *People v. Fern*, 189 Ill. 2d 48 (1999), and defendant's second claim had no merit because defendant could not show that his trial counsel's allegedly unprofessional error prejudiced him. On March 2, 2022, the circuit court entered an order granting the State's motion to dismiss.

5

¶ 16                                           ANALYSIS

¶ 17    Defendant appeals from the circuit court's order granting the State's motion to dismiss defendant's amended petition for postconviction relief. His court-appointed appellate attorney, OSAD, moved to withdraw as counsel claiming the appeal is without merit.

¶ 18    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) provides a method by which a criminal defendant who is serving his sentence may assert that his conviction resulted from a substantial violation of his federal or state constitutional rights. *Id.* § 122-1(a)(1); *People v. Smith*, 2015 IL 116572, ¶ 9. A defendant initiates a proceeding under the Act by filing a petition in the circuit court. 725 ILCS 5/122-1(b) (West 2020). At this stage, the circuit court determines whether it should summarily dismiss defendant's petition as frivolous or patently without merit (*id.* § 122-2.1(a)(2)). If the petition is not frivolous, the court dockets the petition for further consideration at the second stage proceedings. (*id.* §§ 122-2.1(b), 122-5).

¶ 19    "At the second stage proceedings, all well-pleaded facts that are not positively rebutted by the trial record are to be taken as true ***." *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). When the circuit court dismisses a postconviction petition at the second stage, our review is *de novo*. *People v. Parada*, 2020 IL App (1st) 161987, ¶ 18 (citing *Pendleton*, 223 Ill. 2d at 473).

¶ 20    Postconviction counsel's amended petition provided two issues. The first claimed that defendant's sentence was disproportionate to other sentences imposed in the same jurisdiction for the same offense and therefore violated the eighth amendment to the United States and Illinois Constitutions. OSAD argues that our supreme court explicitly rejected the very same argument in *People v. Fern*, 189 Ill. 2d 48, 62 (1999).

¶ 21    In *Fern*, the issue was "whether the propriety of a criminal sentence may be judged by comparing it to the sentences imposed on defendants in other cases." *Id.* at 51. The defendant in

6

*Fern* argued that "his sentence was excessive when compared to the sentences imposed on defendants in other cases for the same or more serious drug offenses." *Id.* Our supreme court held that "the excessiveness of a sentence may not be determined from a consideration of the sentences imposed on defendants in separate, unrelated cases." *Id.* "The fact that a lesser sentence was imposed in another case has no bearing on whether the sentence in the case at hand is excessive *on the facts of that case*." (Emphasis in original.) *Id.* at 56. Accordingly, we agree *Fern* precludes the postconviction relief requested by defendant.

¶ 22    Defendant's second postconviction issue contended that his trial counsel was ineffective as evidenced by his failure to timely file defendant's motion to reconsider sentence. In order to show that defendant was denied his constitutional right to effective counsel, he must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced defendant. *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984); see *People v. Albanese*, 104 Ill. 2d 504 (1984) (adopting *Strickland*). "More specifically, a defendant must show that counsel's performance was objectively unreasonable under prevailing professional norms and that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *People v. Cathey*, 2012 IL 111746, ¶ 23 (quoting *Strickland*, 466 U.S. at 694). A defendant can only prevail on his ineffective assistance claim if both cause and prejudice are shown. *People v. Coleman*, 183 Ill. 2d 366, 397 (1998).

¶ 23    Here, OSAD contends that even if cause is shown by trial counsel's failure to timely file the motion to reduce defendant's sentence, no prejudice can be shown because there is no reasonable probability that timely filing the postsentencing motion would have improved the outcome for defendant. Defendant was found guilty of second-degree murder, a Class 1 felony (720 ILCS 5/9-2(d) (West 2016)) punishable by imprisonment for 4 to 20 years (730 ILCS 5/5-

7

4.5-30(a) (West 2016)). Defendant's 16-year sentence was within this statutory range. A sentence within the statutory range is presumed proper. See *People v. Knox*, 2014 IL App (1st) 120349, ¶ 47. Further, the argument raised in trial counsel's untimely postsentencing motion was initially presented and found improper by the trial court at the sentencing hearing and had no more merit in the later-filed motion because the argument was precluded by *Fern*. As such, no prejudice can be shown. We agree that no meritorious argument could be raised to claim the trial court erred in finding defendant's postconviction petition failed to make a substantial showing of a constitutional violation and dismissing defendant's petition.

¶ 24    The remaining potential issue raised by OSAD was whether postconviction counsel complied with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). The right to counsel in postconviction proceedings is wholly statutory. *People v. Lander*, 215 Ill. 2d 577, 583 (2005). Under the Act, a "reasonable" level of assistance is required. *Pendleton*, 223 Ill. 2d at 472. To assure reasonable assistance required by the Act is met, Rule 651(c) imposes specific duties on postconviction counsel. *People v. Turner*, 187 Ill. 2d 406, 410 (1999). Rule 651(c) requires counsel to file a certificate stating that he "has consulted with [the defendant] by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of [the defendant's] contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Filing a certificate under Rule 651(c) creates a rebuttable presumption that the defendant received reasonable assistance. *People v. Smith*, 2022 IL 126940, ¶ 29.

¶ 25    Here, postconviction counsel's certificate of compliance stated counsel "consulted with defendant/petitioner by phone, mail, and in person to ascertain his contentions of deprivation of

constitutional rights," "examined the record of the proceedings," and "made any amendments to the petition filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." OSAD argues that while the certificate did not recite the language in Rule 651(c) verbatim regarding the record examination requirement, the actual certificate language was "broader than that required by Rule 651(c)." OSAD argues this was "reasonable" because it reflected the fact that counsel "would have needed to review both the trial and sentencing transcripts in order to adequately consider and present [the defendant's] claims, which alleged both trial and sentencing errors."

¶ 26    "Rule 651(c) only requires postconviction counsel to examine as much of the record 'as is necessary to adequately present and support those constitutional claims raised by the petitioner.' " *Pendleton*, 223 Ill. 2d at 475 (quoting *People v. Davis*, 156 Ill. 2d 149, 164 (1993)). Here, defendant's *pro se* postconviction petition alleged errors stemming from both the trial and sentencing hearings. As such, a question of whether counsel reviewed the sentencing hearing transcripts would have arisen if he had used the exact language provided in Rule 651(c). Accordingly, we decline to find the certificate facially invalid where, as here, counsel was required to review the record of the proceedings in both the trial and sentencing.

¶ 27    Counsel therefore filed a facially valid certificate, creating a rebuttable presumption of reasonable assistance, and we find nothing in the record rebutting said presumption. As such, we hold that no meritorious argument can be presented regarding postconviction counsel's compliance with Rule 651(c) or that he provided unreasonable assistance.

9

¶ 28                                    CONCLUSION

¶ 29    The circuit court did not err in dismissing defendant's postconviction petition and no argument to the contrary would have substantial merit. As such, we grant OSAD leave to withdraw as counsel and affirm the judgment of the circuit court.


¶ 30    Motion granted; judgment affirmed.